a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| JUSTIN MESSER #708548,<br>Plaintiff | CIVIL DOCKET NO. 1:21-CV-03932<br>SEC P |
| VERSUS | JUDGE DAVID C. JOSEPH |
| LASALLE CORRECTIONAL CENTER ET AL,<br>Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

## MEMORANDUM ORDER

Before the Court is a civil rights Complaint under 42 U.S.C. § 1983 (ECF No. 1) filed by *pro se* Plaintiff Justin Messer ("Messer"). Messer is an inmate in the custody of the Louisiana Department of Corrections incarcerated at the Bayou Correctional Center in Tallulah, Louisiana. Messer claims that his constitutional rights were violated at the LaSalle Correctional Center ("LCC").

Because additional information is necessary to support Messer's claims, he must AMEND the Complaint.

I. **Background**

Messer alleges that he was sexually assaulted by another inmate. He names as defendants Officer Sara Allen, Officer John Stuckey, the LCC Warden, the PREA Investigative Staff, Officer Colin Tibbs, Officer Michael Tingle, DOC Inmate #548841, and Pre-trial Detainees Ian Ash and Dorsey Perkins. ECF No. 1 at 3.

1

Messer alleges that he filed a PREA case with Officer Tibbs, which was assigned to Officer Allen for investigation. ECF No. 1 at 3. Messer states that the witnesses would not fill out statement forms. *Id.* According to the investigation form provided by Messer, he refused to give a written statement as well. ECF No. 1-2 at 2. Because there was no definitive evidence, Allen found the allegation unsubstantiated. However, because of his slight statute and the allegation, Allen concluded that Messer would be housed separately for his protection while at LCC. *Id.*

## II. Law and Analysis

Pursuant to Rule 8(a)(2) of the Federal Rules of Civil Procedure, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." The Rule 8 pleading standard does not require "detailed factual allegations," but demands more than an "unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Messer lists several Defendants. He must amend the Complaint to provide a description of what each Defendant did to violate Messer's constitutional rights.

To the extent Messer claims that any individual failed to protect him from an attack by another inmate, he must plead additional information. Although prison officials have a constitutional duty to protect prisoners from violence at the hands of

fellow inmates, prison officials are not expected to prevent all inmate-on-inmate violence. *See Farmer v. Brennan*, 511 U.S. 825, 832-33, 834 (1994). Prison officials can be held liable for their failure to protect an inmate only when they are deliberately indifferent to a substantial risk of serious harm. *See id.* A prison official is deliberately indifferent if he knows of an "excessive risk to inmate health or safety" and disregards that risk. *Id.* at 837. A prison official "knows of" an excessive risk only if: (1) he is aware of facts from which he could infer "that a substantial risk of serious harm exists"; and (2) he "draw[s] the inference." *Id.* In other words, in order to be deliberately indifferent, a prison official must be subjectively aware of the risk. *Id.* at 839-40.

Messer must amend to allege deliberate indifference by each Defendant. He should provide facts indicating whether each Defendant had knowledge prior to the attack that Messer faced a substantial risk of harm by the offender that attacked him.

Additionally, Messer concludes that the investigation was not handled correctly and that he was "retaliated against." *Id.* To state a § 1983 claim for retaliation, a prisoner must allege: (1) a specific constitutional right; (2) the defendant's intent to retaliate against the prisoner for the exercise of that right; (3) a retaliatory adverse act; and (4) causation. *Jones v. Greninger*, 188 F.3d 322, 324-25 (5th Cir. 1999) (citing *McDonald v. Stewart*, 132 F.3d 225, 231 (5th Cir. 1998)). A plaintiff must allege more than his personal belief that he is the victim of retaliation. *See Johnson v. Rodriguez*, 110 F.3d 299, 310 (5th Cir. 1997) (citation omitted). "The

inmate must produce direct evidence of motivation or, the more probable scenario, 'allege a chronology of events from which retaliation may plausibly be inferred.'" *Jones*, 188 F.3d at 325 (citations omitted). Messer must amend his complaint to identify which Defendants retaliated against him and to state a plausible claim of retaliation against one.

### III. Conclusion

Because additional information is necessary to support his claims, IT IS ORDERED that Messer amend his Complaint as instructed within 30 days of the filing of this Order.

Failure to comply with this Order may result in dismissal of this action under Rule 41(b) or 16(f) of the Federal Rules of Civil Procedure.

SIGNED on Tuesday, January 11, 2022.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE

4