a

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## ALEXANDRIA DIVISION

JUSTIN MESSER #708548,              CIVIL DOCKET NO. 1:21-CV-03932
Plaintiff                                           SEC P

VERSUS                             JUDGE DAVID C. JOSEPH

LASALLE CORRECTIONAL CENTER    MAGISTRATE JUDGE PEREZ-MONTES
ET AL,
Defendants

---

### REPORT AND RECOMMENDATION

Before the Court is a civil rights Complaint under 42 U.S.C. § 1983 (ECF No. 1) filed by pro se Plaintiff Justin Messer ("Messer"). Messer is an inmate in the custody of the Louisiana Department of Corrections incarcerated at the Bayou Correctional Center ("BCC") in Tallulah, Louisiana. Messer claims that his constitutional rights were violated at the LaSalle Correctional Center ("LCC").

Because Messer has failed to comply with the Court's Order to amend (ECF No. 8), the Complaint (ECF No. 1) should be DISMISSED WITHOUT PREJUDICE.

I.    Background

Messer alleges that he was sexually assaulted by another inmate. He names as Defendants Officer Sara Allen, Officer John Stuckey, the LCC Warden, the PREA Investigative Staff, Officer Colin Tibbs, Officer Michael Tingle, DOC Inmate #548841, and Pre-trial Detainees Ian Ash and Dorsey Perkins. ECF No. 1 at 3.

1

Messer alleges that he filed a PREA case with Officer Tibbs, which was assigned to Officer Allen for investigation.  ECF No. 1 at 3.  Messer states that the witnesses would not fill out statement forms.  *Id.*  According to the investigation form provided by Messer, he refused to give a written statement as well.  ECF No. 1-2 at 2.  Because there was no definitive evidence, Officer Allen found the allegation unsubstantiated.  However, because of Messer's slight stature and the nature of the allegation, Allen concluded that Messer would be housed separately for his protection while at LCC.  *Id.*

Messer lists several Defendants.  He was ordered to amend his Complaint to provide a description of what each named Defendant did to violate his constitutional rights.  He was also ordered to allege deliberate indifference, if applicable, by each Defendant that allegedly failed to protect him from harm.  Finally, Messer was ordered to provide facts to support his retaliation claim.  ECF No. 8.

## II.    Law and Analysis

A district court may dismiss an action for the plaintiff's failure to prosecute or to comply with any order.  Fed. R. Civ. P. 41(b).  A court possesses the inherent authority to dismiss the action *sua sponte*.  *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962).  "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts."  *Id.* at 629-30.

Messer has failed to comply with the Court's Order to amend his Complaint and has not requested an extension of time within which to do so.  Additionally, the

Clerk has received mail returned by the postal service indicating that Messer is no longer incarcerated at BCC.  ECF No. 9.  Messer has failed to provide an updated address in accordance with the Local Rules for the Western District of Louisiana. L.R. 41.3 (W.D. La.).

## III.  Conclusion

Because Messer has failed to comply with the Court's Order (ECF No. 8), IT IS RECOMMENDED that the Complaint (ECF No. 1) be DISMISSED WITHOUT PREJUDICE under Rule 41(b) of the Federal Rules of Civil Procedure.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b).  A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause.  A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

SIGNED on Thursday, March 3, 2022.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE